IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANCES RENEE PERRY,                                                                              PLAINITFF
ADC #708998

v.                                             5:08CV00159JLH/HLJ

ROBERT H. WYATT, JR., et al.                                                                    DEFENDANTS

**MEMORANDUM AND ORDER**

I. Introduction

Plaintiff is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983 against defendants, based on events leading to her criminal trial and conviction in state court. Plaintiff asks for monetary and injunctive relief.

II. Allegations of the Complaint

Plaintiff's allegations against the defendants are as follows:

1) Robert H. Wyatt, Jr. and Jodi Raines Dennis, Circuit Judges for Jefferson County - denied plaintiff a jury trial, changed plaintiff's case number, knew plaintiff was arrested unlawfully, and falsified plaintiff's sentencing report.;

2) Larry Norris, Director of the Arkansas Department of Correction (ADC), and Attorney General Dustin McDanial - lied in federal court that plaintiff was incarcerated at the ADC and lied under a "prejury" statement with coworkers;

3) Flora C. Cook, Pine Bluff Circuit Court Clerk, Jametta Harper, Deputy Sheriff of Jefferson County, James Gibson, Internal Affairs Department of the ADC, and the Pine Bluff Police Department - no allegations;

4) Charlotte Marie Wynn, Cleon Perry, Andrea Danzey, Jeremy Ireland, Amanda Paul -

illegally cashed plaintiff's payroll checks and illegally wrote checks on plaintiff's bank account;

5) Simmons First National Bank - violated a subpoena;

6) Steven B. Darlyimple, Jefferson County Prosecutor - filed false charges against plaintiff;

7) Beverly Hill, Jefferson County Detective - illegally searched and seized plaintiff's property and unlawfully arrested plaintiff.

### III.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Finally, in order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).

### IV.  Analysis

#### A.  Robert Wyatt and Jodi Raines Dennis

Plaintiff's allegations against these defendants are based on actions taken by the defendants in the course of their duties as judicial officers.  Judges who are sued under § 1983 are immune from

liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-7 reh'g denied, 436 U.S. 951 (1978). Therefore, the Court finds that plaintiff's allegations against these defendants should be dismissed.

B. Larry Norris

Plaintiff alleges defendant lied in court concerning whether she was incarcerated. The Court finds that this allegation fails to state a claim upon which relief may be granted, and therefore, this defendant should be dismissed.

C.  Attorney General Dustin McDanial

The Court also finds this defendant is immune from § 1983 liability.   See Murphy v. Morris, 849 F.2d 1101, 1104 (8th Cir. 1988), where the Court held that a state Assistant Attorney General's function as a government advocate entitled him or her to absolute immunity from suit for damages.

D.  Flora C. Cook, Pine Bluff Circuit Court Clerk, Jametta Harper, Deputy Sheriff of Jefferson County, James Gibson, Internal Affairs Department of the ADC

Plaintiff does not include any specific allegations against these defendants, and therefore, they will be dismissed from the complaint.

E.  Pine Bluff Police Department

This entity also must be dismissed, because it is not considered a "person" within the meaning of 42 U.S.C. §  1983.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

F.  Charlotte Marie Wynn, Cleon Perry, Andrea Danzey, Jeremy Ireland, Amanda Paul

It appears from plaintiff's complaint that these defendants are private individuals who allegedly harmed plaintiff by improperly writing and cashing checks.  However, since these individuals are not state actors, plaintiff can not sue them under § 1983.  Griffin-El v. MCI Telecommunications Corp., et al., supra.

G.  Simmons First National Bank

The Court finds plaintiff's allegation against this defendant, that it violated a subpoena, fails to state a Constitutional claim.

H.  Steven B. Darlyimple

To the extent that this defendant was involved with the prosecution of plaintiff, he is immune from liability.  "Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process."  Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993).

I. Beverly Hill

Plaintiff alleges Detective Hill violated her constitutional rights by conducting an unlawful search and seizure and by arranging an unlawful arrest of the plaintiff.  The Court finds these allegations do state a constitutional claim, and by separate Order, will direct the issuance of summons and service on this defendant.   However, to the extent that plaintiff seeks injunctive relief based on her allegations against this defendant, such should be dismissed.  Plaintiff includes statements in her complaint that her conviction of 72 months should be reversed.  This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies.  See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  Plaintiff does not indicate in her complaint

that such state remedies have been exhausted.

## V.  Conclusion

In conclusion, the Court finds that all defendants, except defendant Beverly Hill, should be dismissed from plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and that plaintiff's prayer for injunctive relief also should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants Wyatt, Norris, McDanial, Dennis, Cook, Wynn, Perry, Danzey, Ireland, Paul, Simmons First National Bank, Pine Bluff Police Department, Harper, Gibson, and Darlyimple are hereby DISMISSED from plaintiff's complaint.

IT IS FURTHER ORDERED that plaintiff's prayer for injunctive relief is hereby DISMISSED.

IT IS SO ORDERED this 16th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE