**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FRANCES RENEE PERRY                                                                                     PLAINTIFF

v.                                              Case No. 5:08CV00159 JLH

BEVERLY HILL, Police Detective
For the City of Pine Bluff                                                                              DEFENDANT

**OPINION AND ORDER**

Frances Renee Perry commenced this action against Beverly Hill, a Pine Bluff police detective, and other defendants on May 28, 2008, pursuant to 42 U.S.C. § 1983. Perry alleges that the defendants violated her Fourth Amendment rights against unlawful search, seizure, and arrest. The Court has dismissed from Perry's complaint all defendants but Hill. Hill has filed a motion for summary judgment, and Perry has responded. For the following reasons, Hill's motion for summary judgment is granted.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Hill is a law enforcement officer for the city of Pine Bluff, Arkansas. On August 6, 2003, Hill conducted an investigation based on information received from Simmons First National Bank in Pine Bluff and determined that there was probable cause to arrest Perry for a felony charge of

forgery. On August 28, 2003, Hill went to Perry's residence at 3500 South Georgia Street in Pine Bluff, and Perry signed a consent to search form, which listed Perry's address as 3500 Georgia Street. Hill says that Perry voiced no objection to signing the consent to search or during the search. Perry says that she was forced by threats to sign the form and that she was under the influence of mind altering substances at the time she signed the consent. Perry also says that Hill searched the wrong address, as the consent form incorrectly listed her address as 3500 Georgia Street, rather than 3500 South Georgia Street. Hill points out that there is no North, East, or West Georgia Street in the city of Pine Bluff with which she could have confused Perry's residence. Subsequent to the search, Perry was arrested and transported to the Jefferson County Detention Center.

Hill moves for summary judgment on the ground that Perry's § 1983 claim is barred by the applicable statute of limitations. "The limitation period in an action under 42 U.S.C. § 1983 (1988) is the state statute of limitations for personal injury actions." *Morton v. City of Little Rock*, 934 F.2d 180, 182–83 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). In Arkansas, the applicable limitation period for a § 1983 claim is three years. *Id.* at 183 (citing ARK. CODE ANN. § 16-56-105). "Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues." *Ameri v. Bailey*, 2009 WL 1064792, at *2 n.1 (E.D. Ark. Apr. 17, 2009) (citing *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion)); *see also Felty v. Mobley*, 2008 WL 2001828, at *3 (E.D. Ark. May 7, 2008) (citing *Wallace v. Keto*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007)). Under federal law, a cause of action accrues when the plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998); *Alcorn v. Burlington N. R.R.*, 878 F.2d 1105, 1108

(8th Cir. 1989).

In this case, the conduct that allegedly violated Perry's Fourth Amendment protection against unlawful search, seizure, and arrest occurred on August 28, 2003.  Perry's cause of action under § 1983 thus accrued on that same day, the day that she discovered or should have discovered that she was injured.  Therefore, the applicable three year limitations period expired on August 28, 2006.  Perry did not file her complaint until May 28, 2008, well after her limitations period had expired.  Therefore, Perry's § 1983 claim against Hill is barred by the applicable statute of limitations.  Because Perry's claim is time barred, there is no genuine issue of material fact for a trial.

For the foregoing reasons, Hill's motion for summary judgment is GRANTED.  Document #19.  Perry's motion for an evidentiary hearing and to stay the case is DENIED as moot.  Document #22.

IT IS SO ORDERED this 18th day of June, 2009.

_J. Leon Holmes_

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE